IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

CHARLES E. WOODRING, #1358230        §

VS.                                                         §                    CIVIL ACTION NO. 4:09cv486

DIRECTOR, TDCJ-CID                             §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Charles E. Woodring filed this *pro se* petition for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254.   The petition was referred for findings of fact, conclusions of law and
recommendations for the disposition of the lawsuit.

Background

Petitioner is complaining about his Grayson County conviction for sexual assault of a child.
Cause Number 051409-T.  He was charged by indictment with the second-degree felony offense of
sexual assault of a child, with one enhancement alleging a prior conviction of burglary of a vehicle,
and one enhancement alleging three prior convictions for burglary of a building.  A jury found him
guilty, found the enhancement paragraphs to be true, and sentenced him to twenty-five years'
confinement.  The Fifth Court of Appeals affirmed his conviction on April 11, 2007.  *Woodring v.
State*, No. 05-06-00920-CR, 2007 WL 1064324, (Tex. App.–Dallas 2007, pet. ref'd Oct. 10, 2007).
Petitioner filed a Petition for Discretionary Review (PDR), which was refused on October 10, 2007.
PD No 607-07.  The United States Supreme Court denied his writ of certiorari on October 6, 2008.
*Woodring v. Texas*, No. 08-531, 129 S. Ct. 208 (2008).

Petitioner filed an application for state writ of habeas corpus, which was denied without written order based on the findings of the trial court on July 29, 2009.   *Ex parte Woodring*, Application No. 72,361-01.  In the present federal petition for habeas corpus, Petitioner asserts that

1.      The trial court erred by:

   a.      failing to rule on Petitioner's motion requesting travel and lodging expenses for witnesses;

   b.      denying Petitioner's motions for a mistrial; and

   c.      preventing Petitioner from questioning the victim about details of her prior testimony given at a proceeding unrelated to Petitioner; and

2.      His counsel was ineffective when he failed to:

   a.      file a petition for writ of mandamus to compel a ruling on the motion requesting expenses for witnesses;

   b.      request a hearing on the request for deposition;

   c.      include the proper language in his motion for continuance to obtain absent witnesses; and

   d.      object to inadmissible expert testimony that bolstered the victim's testimony.

The Attorney General provided a Response, asserting that some of Petitioner's claims are procedurally barred and the remaining claims are without merit.  Petitioner filed a Reply.

### Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993).  Federal habeas

corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5ᵗʰ Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the

3

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. 1522-23.  Rather, that application must be objectively unreasonable.  *Id.* 529 U.S. at 409, 120 S. Ct. at 1521.  The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).  A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003).  The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914  (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519.  A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).  Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d  640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S.

Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

Default and Procedural Bar

In two sub-issues of Petitioner's first issue (1a, 1c),  the trial court made findings, adopted by the CCA, that Petitioner was barred from raising these issues on state habeas review. Specifically, the state habeas court found that these claims were procedurally defaulted from Texas habeas review.  The state court found that these claims could have been raised on direct appeal but were not; thus, they were effectively waived for habeas corpus purposes.  Because these claims were not raised in a procedurally correct manner, they have been defaulted and are now procedurally barred from federal habeas review.  The Texas Court of Criminal Appeals adopted the state habeas court's findings. *Ex parte Woodring*, Application No. 72,361-01,  at cover.

Federal review of a claim is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker,* 501 U.S. 797, 802-04, 111 S. Ct. 2590, 115 L.Ed.2d 706 (1991). It is well settled under Texas jurisprudence that the writ of habeas corpus should not be used to litigate matters that should have been raised on direct appeal. *Ex parte Goodman,* 816 S.W.2d 383, 385 (Tex. Crim. App.1991). The federal courts recognize Texas's procedural default rule concerning the requirements that record claims must be raised on direct appeal. *Aguilar v. Dretke,* 428 F.3d 526, 535 (5th Cir. 2005). Because Petitioner did not raise such claims on direct appeal and the last court to consider such claims expressly and unambiguously based its denial of relief on a state procedural default, his claims are barred absent a showing of

cause and prejudice or a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152.  He has failed to show either cause or prejudice.  *Id*.

Trial Court Errors

Petitioner claims that he is entitled to relief because the trial court erred.   Trial court errors must do more than affect the verdict to warrant relief in habeas cases – it must render the trial as a whole fundamentally unfair.  *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984).  To determine whether an error by the trial court rendered the trial fundamentally unfair, it must be determined if there is a reasonable probability that the verdict would have been different had the trial been conducted properly.  *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988).   The United States Supreme Court has held that a federal harmless error standard applies on federal habeas review of state court convictions.  *Brecht v. Abrahamson,* 507 U.S. 619,  637-38, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).  The test is whether the error had "substantial and injurious effect" or influence in determining the jury's verdict.  *Id*., 507 U.S. at 637, 113 S. Ct. at 1722.  Habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice.  *Id*.  Habeas petitioners may not prevail in a federal habeas action simply by showing a violation of state law – they must show that the trial was fundamentally unfair, thus denying them due process by prejudicing the outcome of the trial.  *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1987).

Petitioner asserts that the trial court erred by denying his motions for a mistrial after the victim referred to Petitioner's release to parole, despite instructions to avoid discussing Petitioner's criminal history.  He raised this claim on direct appeal and in his PDR.  The Fifth District Court of

Appeals issued the "last reasoned" opinion on the matter.  A presumption applies when the last

reasoned state court opinion rejected a claim on a state procedural ground; the procedural-default

doctrine precludes federal habeas review.  *Ylst*, 501 U.S. at 803, 111 S. Ct. at 2594-95; *Henderson*

*v. Cockrell*, 333 F.3d 592,  598 (5th Cir. 2003).  A federal district court must be deferential to state

court findings supported by the record.  *Pondexter*, 346 F.3d at 149-152.

The appellate court discussed this issue in its opinion:

 In his second issue, appellant contends that A.B.'s testimony about appellant being
on parole should have resulted in a mistrial. According to appellant, we must reverse
his conviction because the trial court's instructions to disregard the evidence were
insufficient to cure the harm. We cannot agree.

During cross-examination, appellant questioned A.B. about whether Detective
Thomas called and asked A.B. to add an addendum to a letter she had written. A.B.
replied Thomas asked her to add it when she "was talking to him at the office—him
and Julie and [A.B.]—we told about his parole violation and some of the things he
made me do." Appellant immediately objected to hearsay, and the trial court
instructed the jury to disregard A.B.'s statement. Appellant then requested a mistrial,
which the trial court denied. Appellant continued to question A.B. about the
addendum and asked "So, he was sort of coaching you through this statement. Is that
what I understand?" A.B. answered, "No, sir. He just said that they needed to be
aware—his parole (sic) needed to be aware of what else he was doing." Appellant
asked the trial court to instruct A.B. The trial court then instructed A.B. to answer
only what she was asked and instructed the jury not to consider her last statement
"for any purpose, whatsoever." Appellant then moved for a mistrial, which the trial
court denied. A short time later, the trial court questioned A.B. outside the presence
of the jury and determined that A.B. had been instructed not to testify about
appellant's criminal history.

We review a trial court's denial of a motion for a mistrial under an
abuse-of-discretion standard. *See Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim.
App.1999). A mistrial is an extreme remedy for prejudicial events that occur at trial
and should be exceedingly uncommon. *Hudson v. State,* 179 S.W.3d 731, 738 (Tex.
App.-Houston [14th Dist.] 2005, no pet.) (citing *Bauder v. State,* 921 S.W.2d 696,
698 (Tex. Crim. App.1996)). A mistrial is required only when the impropriety is
clearly calculated to inflame the minds of the jury and is of such a character as to
suggest the impossibility of withdrawing the impression produced on the minds of
the jury. *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex. Crim. App.1999); *Herrero v.*

*State,* 124 S.W.3d 827, 836 (Tex. App.-Houston [14th Dist.] 2003, no pet.). Generally, a prompt instruction to disregard will cure error regarding extraneous offenses. *See Ovalle v. State,* 13 S.W.3d 774, 783 (Tex. Crim. App.2000); *see also Whitaker v. State,* 977 S.W.2d 595, 600 (Tex. Crim. App.1998) (instruction cured error when witness testified that appellant was physically and mentally abusive toward her); *Paster v. State,* 701 S.W.2d 843, 848 (Tex. Crim. App.1985) (instruction rendered testimony concerning appellant's involvement in two extraneous murders harmless); *Herrero,* 124 S.W.3d at 836 (instruction cured error when witness stated he was testifying in exchange for government protection from death threat by appellant); *Murray v. State,* 24 S.W.3d 881, 892 (Tex. App.-Waco 2000, pet. ref'd) (instruction cured error after police officer testified he had contacted appellant's parole officer while searching for him).

After reviewing the record, we conclude the trial court did not abuse its discretion in denying appellant's motions for mistrial because the improper testimony was not clearly calculated to inflame the jurors' minds nor was it of such a character as to suggest the impossibility of withdrawing the impression left upon the jury. The trial court's instruction to disregard was prompt and unequivocal, and was fully sufficient to cure any harm from any impression left upon the jury. Thus, we conclude the trial court properly denied appellant's motions for mistrial. We overrule appellant's second issue.

*Woodring*, 2007 WL 1064324 at *2-3.

Furthermore, the record reflects that the trial court explained its reasoning behind denying

Petitioner's motions for mistrial upon Petitioner's re-urging of his motions outside the presence of

the jury:

> Obviously, [the prosecutor] told [A.B.] not to talk about [Petitioner] going to the penitentiary, so she did get some cautionary instructions. And I can understand in an eighteen-year-old girl that to mention parole might not be the same thing. My concern is if this had been a police officer that testified – that had testified a number of times before, I'd grant a mistrial. This is a nineteen-year-old girl who's been on the stand one time before for a moment – for a minute by her own testimony, and the jury doesn't know if he's on parole for misdemeanor or parole for a felony. Because of all these things and the cautionary instruction, [Petitioner]'s motion is denied[.]

By its ruling, the trial court implicitly found that A.B.'s reference to Petitioner's parole was neither clearly calculated to inflame the minds of the jury, nor left a prejudicial impression upon the jury. *Hinojosa*, 4 S.W.3d 240, 253; *Herrero*, 124 S.W.3d 836.  Petitioner has failed to provide any evidence to overcome the factual determinations made by the state courts.  The CCA rejected this issue when it denied his state application for habeas corpus relief.  Thus, the claim is procedurally barred unless Petitioner has demonstrated cause and prejudice or a miscarriage of justice. *Coleman*, 501 U.S. at 750.  He has failed to do so.  Petitioner has also failed to show that the alleged error had "substantial and injurious effect" or influence in determining the jury's verdict. *Brecht*, 507 U.S. at 637, 113 S. Ct. at 1722. He has failed to  show that the trial was fundamentally unfair, thus denying due process by prejudicing the outcome of the trial.  *Lavernia*, 845 F.2d at  496. Furthermore, he has failed to  show that  the state court proceedings resulted in  a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

In sum,  Petitioner has not shown that the trial court erred or that he was not afforded the quantity of process to which he was constitutionally entitled prior to the deprivation of a protected interest.  *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S.532, 533, 105 S. Ct. 1487,  1489, 84 L. Ed.2d 494 (1985).

<u>Ineffective Assistance of Counsel at Trial</u>

Petitioner asserts that he is entitled to relief based on several instances of ineffective assistance of counsel.

Legal Standard

A petitioner  who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence.  *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995).  In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance.  *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984).  The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment.  466 U.S. at 690, 104 S. Ct. at 2066.   The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance.  *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).  *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982);  *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).  Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  Petitioner must "affirmatively prove," not just allege, prejudice.  *Id*., 466 U.S. at 693, 104 S. Ct. at 2067.   If he fails to prove the prejudice component, the court need not address the question of counsel's performance.  *Id*., 466 U.S. at 697, 104 S. Ct. 2052.

Relevant  State Habeas Findings

The CCA, when it adopted the findings of the state court, implicitly found that Petitioner's trial counsel was effective and within the bounds of prevailing objective professional standards.

*Marshall v. Lonberger*, 459 U.S. 422, 433, 103 S. Ct. 843, 850, 74 L.Ed.2d 646 (1983); *Goodwin*

*v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1997).  At the minimum, it implicitly found that Petitioner

suffered no prejudice as a result.  The state court concluded:

> 6.    If the fact that the trial counsel decided not to file a petition for a writ of mandamus regarding the lodging, failed to request depositions was error[,] or filed an improper motion for continuance based on the absence of the ou[t][-]of[-]state witnesses, [Petitioner] has failed to prove harm or that the results of this case would have been different but for the alleged errors.

> . . .

> 9.    [Petitioner] has failed to prove by a preponderance of the evidence that trial counsel's omissions or other mistakes amounted to professional errors and that there is a reasonable possibility that the outcome of the trial would be different but for the errors under [the above grounds].

> . . .

> 12.   [Petitioner] has failed to prove by a preponderance of the evidence that trial counsel erred in not objecting to the testimony of [the expert witness].

> 13.   [Petitioner] has failed to prove by a preponderance of the evidence that there is a reasonable possibility that the outcome of the trial would be different but for the errors.

*Woodring*, Appl. No. 72,361-01, at 11-12.

Failure to File a Petition for Writ of Mandamus

Petitioner asserts that counsel was ineffective for failing to file a petition for writ of

mandamus to compel a ruling on his motion requesting expenses for witnesses. In analyzing whether

counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on

whether a motion or an objection would have been granted or sustained had it been made." *United*

*States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

As an initial matter, the Court notes that Petitioner presents no evidence that the motion

would have been granted. *Id*. It is well-settled that counsel is not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).   This Court will grant federal habeas corpus relief only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983).  Petitioner has also failed to allege facts demonstrating that the failure to filed the motion rendered the trial as a whole fundamentally unfair. *Bailey,* 744 F.2d at 169.  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).  Moreover, he has failed to demonstrate prejudice as required in *Strickland*.  Thus, Petitioner has failed to demonstrate that his attorney's conduct fell below the standards of reasonable professional assistance or that he was prejudiced.

Second, Petitioner has failed to show how the granting of these motions would have changed the outcome of the trial. Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  The state habeas court made the following findings of fact:

4.      [Petitioner] requested three out-of-state witnesses, namely, Kevin Vernon Long, M.D. Letterman, and Aileen Senisac.

5.      Witness Aileen Senisac appeared in court and testified.

6.      [Petitioner has f[a]iled to plead facts showing what testimony witnesses Kevin Long or M.D. Letterman would have testified to or how that testimony would have changed the outcome of the trial.

7.      The trial court held a pre-trial hearing where both Long and Letterman were discussed.

8.      The trial court did not make a determination as to whether the testimony of Long and Letterman would even be admissible.

9.      The victim in this case was listed as a victim in a Florida case, where Long
        was the defendant and Letterman was an investigating officer.

*Woodring*, Appl. No. 72,361-01, at 9-10.  The state habeas court also concluded that Petitioner failed

to prove by a preponderance of the evidence that the testimony by Long or Letterman would be

admissible or even favorable to Petitioner. *Id*. at 12.  Petitioner has failed to rebut the presumption

of correctness afforded the state court findings or demonstrated that they were an unreasonable

application of, or contrary to, federal law. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at

1224-25.  He has also failed to show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S.

at 694, 104 S. Ct. at 2068.

Failure to Request a Hearing

Petitioner next complains that his counsel was ineffective for failing to request a hearing

when he filed an application to depose the three out-of-state witnesses residing in Florida.  However,

he is simply mistaken in his assertion.  The record shows that counsel requested a hearing and

attached a proposed order for such motion.  This issue is without merit.

Failure to Include Proper Language in Motion for Continuance

Petitioner also asserts that counsel was ineffective for failing to include the proper language

in his motion for continuance to obtain out-of-state witnesses.  The record shows that counsel filed

four motions for continuance: an agreed motion filed five days before the first jury setting; another

due to trial counsel's surgery and recovery; a third motion alleging insufficient notice of the trial

setting and to select expert witnesses; and a final motion complaining of insufficient funds and time

to procure the out-of-state witnesses.  Of these, Petitioner complains only of the last motion – the

only unsuccessful motion filed by counsel, which counsel then re-urged when Petitioner was arraigned and the jury was selected.

Petitioner's complaint appears to be the wording on the motion.  The Fifth District Court of Appeals indicated, "[w]hen, as here, an appellant's motion for continuance is based on absent witnesses, it is necessary to show (1) the defendant has exercised diligence to procure the witnesses' attendance; (2) the witnesses are not absent by the procurement or consent of the defense; (3) the motion is not made for delay; and (4) the facts expected to be proved by the witnesses." *Woodring*, 2007 WL 1064324 at *1 (citing *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005). Petitioner's focus is on the failure of counsel to include "the facts expected to be proved by the witnesses." A habeas petitioner must show "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse. *Moreno v. Estelle*, 717 F.2d 171, 176-77 (5th Cir. 1983) (citing *Boyd v. Estelle*, 661 F.2d 388, 389-90 (5th Cir. 1981)).  Here, Petitioner has not demonstrated what the uncalled witnesses would have testified to, and that their testimony would have been admissible.  Consequently, he fails to demonstrate an "actual, adverse impact upon the fairness of his trial" based on counsel's failure to obtain the fourth continuance. *Moreno*, 717 F.2d at 176-77.

Furthermore, even if counsel had worded the motion as Petitioner contends it should have been, he has failed to show that the motion would have been granted, especially in light of the numerous continuances that had already been granted.  Determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *Oakley*, 827 F.2d at 1025.  Petitioner's conclusory allegation is insufficient to merit habeas relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.  Petitioner has failed to rebut the presumption

of correctness owed to the trial court's factual findings with clear and convincing evidence to the

contrary. *Valdez*, 274 F.3d at 947.  State court findings supported by the record are owed deference

by a federal district court.  *Pondexter*, 346 F.3d at 149-152.  Petitioner has also failed to prove that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068.   Likewise,

he has failed to show that the state court proceedings resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States, or that the decision was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding.  *Williams*, 529 U.S. at

402-03;  *Childress*, 103 F.3d at 1224-25.

Failure to Object to Testimony of State's Expert Witnesses

Petitioner argues that trial counsel was ineffective for failing to object to inadmissible

testimony given by the Sexual Assault Nurse Examiner (SANE nurse) and the Child Protective

Services (CPS) investigator.  He claims their testimony was submitted to bolster the victim's

credibility.

Bolstering occurs when the proponent offers evidence *solely* to convince the fact finder that

a particular witness or source of evidence is worthy of credit when the credibility of that witness or

source has not been attacked. *Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim.App.1993). Bolstering

does not occur when evidence or a source of evidence corroborates other evidence and is also

relevant, i.e., when it contributes substantively "'to make the existence of [a] fact that is of

consequence to the determination of the action more or less probable than it would be without the

evidence.'" *Id.* (brackets in original). Evidence may not be excluded as bolstering simply because

15

it corroborates other testimony. *See id.* at 820. Moreover, the witness need not have been impeached

as a prerequisite to the admission of substantive evidence that might have the effect of incidentally

bolstering other testimony. *Id.* at 820-21 (rejecting reliance on rule 403 of the Rules of Evidence as

requiring impeachment predicate); *Yount v. State,* 872 S.W.2d 706, 709 (Tex.Crim.App.1993)

(rejecting reliance on rule 702 as requiring impeaching predicate).

      Here, the record shows that the testimony given by the CPS investigator generally illustrated

how Petitioner's sexual assault of his step-daughter came to the attention of law enforcement.  The

SANE nurse primarily testified about how an examination is conducted, and the normality of a lack

of visible physical trauma to young sexual assault victims, especially after 72 hours after the assault.

Neither witness offered an opinion about the victim or her credibility.  Texas Rules of Evidence

provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to
> understand the evidence or to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training or education may testify thereto in
> the form of an opinion or otherwise.

Tex. R. Evid. Rule 702.  The CPS investigator stated that he had been an investigator with CPS for

nine years, had worked with the Grayson County Sheriff's Department for twenty-one years, while

the SANE nurse testified that she has ten years of experience as a SANE nurse and the underlying

professional experience gained to attain the SANE certification.  Both testified that they had

conducted many investigations and sexual assault examinations, respectively.   They were both

qualified as experts given their experience and training.  Their testimony assisted the jury in

understanding the evidence presented by the State of the circumstances surrounding the sexual

assault, the discovery of the sexual assault, and the timeline of the events.  The testimony was

admissible.

It is well settled that a failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2066.

Because the testimony was admissible, any objection to the testimony would have been futile. *Green*, 160 F.3d at 1073. Furthermore, the state habeas court made the following conclusions, which were adopted by the CCA when it denied Petitioner's state writ:

10.   Neither complained[-]of witness, [the SANE nurse or the CPS investigator], testified to the truthfulness of the victim, nor did they bolster her testimony.

11.   The excerpts from the record listed by [Petitioner] in his Memorandum of Law are not testimony regarding the victim's truthfulness or bolstering.

12.   [Petitioner] has failed to prove by a preponderance of the evidence that trial counsel erred in not objecting to the testimony of [the SANE nurse and CPS investigator].

13.   [Petitioner] has failed to prove by a preponderance of the evidence that there is a reasonably probability that the outcome of the trial would be different but for the errors.

*Woodring*, Appl. No. 72,361-01, at 13. Petitioner has wholly failed to argue or demonstrate that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

## Conclusion

Two of Petitioner's claims are procedurally barred. Additionally, Petitioner  failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.   *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He also failed to show that the state court proceedings resulted in  a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.  Accordingly, his petition should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).   Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua*

*sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is therefore recommended that the petition be denied and dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 17th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE